An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF NOEL A. GAGE, BAR NO. 6305. | No. 58640 |
| IN THE MATTER OF DISCIPLINE OF NOEL GAGE, BAR NO. 6305. | No. 64988 |

**FILED**

MAY 28 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that we approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Noel Gage. Under the agreement, Gage admitted to one violation of RPC 5.4 (professional independence of a lawyer), one violation of RPC 8.4(b) (misconduct: commit a criminal act that reflects adversely on the lawyer's fitness to practice), and one violation of RPC 8.4(d) (misconduct: engage in conduct prejudicial to the administration of justice).

The agreement provides for a suspension of four years, retroactive to July 30, 2010, the date that Gage was temporarily suspended from the practice of law pursuant to SCR 111; a public reprimand; and a $25,000 fine to be paid to the State Bar of Nevada's Client Security Fund by January 14, 2015.

In approving the conditional guilty plea agreement, the hearing panel considered Gage's dishonest or selfish motive, his pattern of misconduct, his refusal to acknowledge the wrongful nature of his misconduct, and the vulnerability of his victims in aggravation. In

SUPREME COURT
OF
NEVADA

(O) 1947A

14-17195

mitigation, the hearing panel considered the absence of a prior disciplinary record and the delay in disciplinary proceedings.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Gage is suspended from the practice of law for four years, retroactive to July 30, 2010; Gage shall pay a $25,000 fine to the State Bar of Nevada's Client Security Fund by January 14, 2015; and Gage is publicly reprimanded for his admitted ethical violations. Gage shall comply with SCR 116 if he desires to be reinstated to the practice of law in Nevada. The parties shall comply with the applicable provisions of SCR 115 and SCR 121.1.[1]

It is so ORDERED.[2]

_____, C.J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

---

[1]Based on the court's decision in this matter, the proceedings pending against Gage in Docket No. 58640 are closed.

[2]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in the decision of this matter.

cc:     David Clark, Bar Counsel
        Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Bailey Kennedy
        Perry Thompson, Admissions Office, United States Supreme Court